UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA )
)
)
v. )
)
CORNING INTERNATIONAL )
KABUSHIKI KAISHA, )
)
Defendant. )
)

Case: 2:16-cr-20357
Judge: Murphy, Stephen J.
MJ: Patti, Anthony P.
Filed: 05-16-2016 At 09:41 AM
INFO USA v CORNING INTERNATIONAL, ET AL (dat)

Violation: 15 U.S.C. § 1
(Conspiracy to Restrain Trade)

## INFORMATION

THE UNITED STATES, ACTING THROUGH ITS ATTORNEYS, CHARGES:

**Defendant and Co-Conspirators**

1. CORNING INTERNATIONAL KABUSHIKI KAISHA ("the defendant") is a corporation organized and existing under the laws of Japan, with its principal place of business in Tokyo, Japan.

2. Corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance of it.

3. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## Background of the Offense

4. During the time period covered by this Information, the defendant was a wholly owned subsidiary of Corning Incorporated ("Corning"), a corporation organized and existing under the laws of the United States with its principal place of business in Corning, New York. During the period covered by this Information, Corning was engaged in the business of manufacturing and selling ceramic substrates for automotive catalytic converters ("substrates"). Through defendant's personnel providing services to Corning's mobile emissions division (Corning Environmental Technologies Japan ("CET Japan")), the defendant marketed and managed sales of Corning's substrates directly and indirectly to automobile manufacturers in Japan and certain of their subsidiaries, affiliates, and suppliers in the United States and elsewhere, for installation in vehicles manufactured and sold in the United States and elsewhere.

5. Substrates are crucial emissions control system parts that capture pollutants in gasoline and diesel exhaust systems. Substrates consist of uncoated ceramic monoliths with a fine honeycomb structure that, after coating by third parties with a mix of metals and other chemicals, are incorporated into automotive catalytic converters. Catalytic converters are emissions control devices that convert certain pollutants in an exhaust gas stream into less harmful gases through catalytic chemical reactions. Internal combustion engines in automobiles typically have one or two catalytic converters.

6. When purchasing automotive parts, including substrates, automobile manufacturers typically issue requests for quotation ("RFQs") to automotive parts suppliers on a model-by-model basis for model specific parts. Automotive parts suppliers submit quotations, or bids, to automobile manufacturers in response to RFQs, and automobile

manufacturers may award the business to the selected automotive parts supplier for the lifespan of the model, which is usually four to six years. Typically, the bidding process for a particular model begins approximately two to three years before the start of production. Automobile manufacturers procure parts in the United States and elsewhere for vehicles manufactured or sold in the United States.

### Conspiracy to Restrain Trade

7. Beginning at least as early as July 1999, and continuing until on or about July 2011, in the Eastern District of Michigan and elsewhere, the defendant and its co-conspirators knowingly engaged in a combination and conspiracy to suppress and eliminate competition by allocating customers and market shares, rigging bids, and fixing prices for substrates sold in the United States and elsewhere, and used in the emissions control systems of automobiles manufactured and/or sold in the United States and elsewhere. The combination and conspiracy engaged in by the defendant and its co-conspirators was in unreasonable restraint of interstate and import trade and commerce in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

8. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and its co-conspirators, the substantial terms of which were to suppress and eliminate competition by allocating customers and market shares, rigging bids, and fixing prices for substrates sold in the United States and elsewhere, and used in the emission control systems of vehicles manufactured by automobile manufacturers in the United States and elsewhere.

9. Affected customers included certain manufacturers of cars and trucks based in Japan and the United States, including Ford Motor Company, General Motors LLC, Honda Motor Company, Ltd., and certain of their subsidiaries, affiliates, and suppliers.

### Manner and Means of the Conspiracy

10. For purposes of forming and carrying out the charged combination and conspiracy, the defendant and its co-conspirators did those things that they combined and conspired to do, including, among other things:

    a. participating in meetings and communications to coordinate bids and price quotations to be submitted to certain automobile manufacturers in the United States and elsewhere at collusive and noncompetitive prices, and to coordinate on market share in the United States and elsewhere;

    b. directing, authorizing, and consenting to the participation of subordinate employees in such meetings;

    c. agreeing, during those meetings and communications, to allocate market shares and customers in the United States and elsewhere;

    d. agreeing, during those meetings and communications, to coordinate pricing to be submitted to certain automobile manufacturers in the United States and elsewhere at collusive and noncompetitive prices;

    e. agreeing, during those meetings and communications, not to compete against each other on certain bids by submitting intentionally collusive and noncompetitive bids to certain automobile manufacturers in the United States and elsewhere;

      f.      exchanging, during those meetings and communications, manufacturing capacity and sales volume information in the United States and elsewhere;

      g.      agreeing, during those meetings and communications, to coordinate price adjustments requested by certain automobile manufacturers in the United States and elsewhere;

      h.      negotiating prices and submitting bids, price quotations, and price adjustments to certain automobile manufacturers in the United States and elsewhere in accordance with the illegal agreements reached;

      i.      supplying substrates to certain automobile manufacturers in the United States and elsewhere at collusive and noncompetitive prices; and

      j.      accepting payment for substrates sold in the United States and elsewhere at collusive and noncompetitive prices.

**Trade and Commerce**

11.    During the time period covered by this Information, the conspirators' manufacture and sales of substrates occurred in a continuous and uninterrupted flow of interstate and import trade and commerce. The defendant, through CET Japan, marketed and managed the direct and indirect sales of certain Corning substrates, manufactured in Erwin, New York, and Blacksburg, Virginia, in the United States and elsewhere. Those substrates were sold and shipped in interstate trade and commerce, and used in automobiles manufactured and sold in interstate and import trade and commerce. Substrates sold by the conspirators, and payments for those substrates, traveled in interstate and import trade and commerce.

12. During the time period covered by this Information, the defendant and its co-conspirators sold, directly and indirectly, substantial quantities of substrates to automobile manufacturers in the United States and elsewhere.

13. During the time period covered by this Information, the business activities of the defendant and its co-conspirators in connection with the sale of substrates, which was the subject of the charged conspiracy, were within the flow of, and substantially affected, interstate and import trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated: May 16, 2016

| | |
|---|---|
| s/ Brent Snyder<br>Brent Snyder<br>Deputy Assistant Attorney General<br>Antitrust Division<br>United States Department of Justice | s/ Lisa Phelan<br>Lisa M. Phelan<br>Chief, Washington Criminal I Section<br>Mark C. Grundvig<br>Craig Y. Lee<br>Assistant Chiefs |
| s/ Marvin Price<br>Marvin N. Price, Jr.<br>Director of Criminal Enforcement | s/ Emma Burnham<br>Paul T. Gallagher<br>Jon B. Jacobs<br>Emma M. Burnham<br>Jay D. Owen<br>Trial Attorneys<br>Washington Criminal I Section<br>Antitrust Division<br>United States Department of Justice<br>450 5th St. NW, Suite 11300<br>Washington, DC 20530<br>(202) 532-4570<br>Paul.Gallagher2@atr.usdoj.gov |

| United States District Court<br>Eastern District of Michigan | Criminal Case Co[ver] | Case: 2:16-cr-20357<br>Judge: Murphy, Stephen J.<br>MJ: Patti, Anthony P.<br>Filed: 05-16-2016 At 09:41 AM<br>INFO USA v CORNING INTERNATIONAL, E T AL (dat) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to com[plete]

| **Companion Case Information** | **Companion Case Number:** 15-CR-20550 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** Steeh |
| ☒ Yes ☐ No | AUSA's Initials: _MGH_ |

**Case Title:** USA v. Corning International Kabushiki Kaisha

**County where offense occurred:** Wayne County

**Check One:** ☒ Felony ☐ Misdemeanor ☐ Petty

____Indictment/ ✓ Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:                    ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____  **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
|  |  |  |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

May 16, 2016
Date

*Mark C. Grundvig* (signature)
Mark C. Grundvig
U.S. Department of Justice
450 5th Street NW, Suite 11300
Washington, DC 20530
Fax: (202) 305-4766
E-Mail address: mark.grundvig@atr.usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.